FILED
May 29 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ Loraineo    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GEANNA MACLEOD,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:18-cv-01873-LAB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 18, 24)** |

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On August 10, 2018, plaintiff Tanya Geanna Macleod filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On July 15, 2014, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability commencing January 18, 2013. (Certified Administrative Record ["AR"] 181-84.) After her claim was denied initially and upon reconsideration (AR 127-30, 132-37), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 138-39.) An administrative hearing was held on January 31, 2017. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert ("VE"). (AR 27-46.)

As reflected in his June 1, 2017 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, at any time from January 18, 2013, the alleged onset date, through September 30, 2013, the date last insured. (AR 15-23.) The ALJ's decision became the final decision of the Commissioner on June 12, 2018, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ initially determined that plaintiff last met the insured status requirements of the Social Security Act on September 30, 2013. (AR 16, 18.) The ALJ proceeded to follow the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.[1] At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of

---

[1] Unless otherwise indicated, all references herein to the Commissioner's regulations are to the regulations in effect at the time of the ALJ's decision.

January 18, 2013 through her date last insured of September 30, 2013. (AR 18.)

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease of the cervical spine; asthma; fibromyalgia; obesity; and depression. (AR 18.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 18.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b). Specifically, the ALJ found that plaintiff was able to lift and carry 10 pounds frequently and 20 pounds occasionally; could stand and walk six hours in an eight-hour workday, and could sit six hours in an eight-hour workday. However, plaintiff could never reach overhead bilaterally; had to avoid concentrated exposure to fumes, dust, and other allergens; and was limited to one or two step oral and written instructions. (AR 19.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC would be unable to perform any past relevant work. (AR 21-22, 42-43.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC could perform the requirements of representative occupations that existed in significant numbers in the national economy (*i.e.*, hotel housekeeper, cafeteria attendant, and small part assembler), the ALJ found that plaintiff was not disabled. (AR 22-23.)

## DISPUTED ISSUES

As reflected in plaintiff's summary judgment motion, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the ALJ properly rejected plaintiff's subjective symptom testimony.

2. Whether the ALJ erred by relying on the VE's testimony at step five of the sequential evaluation process.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.  The Court is unable to affirm the ALJ's adverse credibility determination.**

In the section of his decision discussing plaintiff's testimony as it related to the ALJ's RFC determination, the ALJ noted that, in her disability report completed July 31, 2014, plaintiff alleged disability due to various medical conditions, including degenerative disc disease, fibromyalgia, visual impairment, asthma/COPD, carpal tunnel, and IBS (irritable bowel syndrome). (*See* AR 20, citing AR 211.) The ALJ further noted that, at the administrative hearing, plaintiff testified that she had a mini stroke in May 2013, which caused a left eye blindness. (*See* AR 20, citing "Testimony.") No other testimony from the administrative hearing was noted.

It is well established in this Circuit that, if the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). Further, it is incumbent on the ALJ to specify which statements by plaintiff concerning his or her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998); *Smolen*, 80 F.3d at 1284.

Here, after citing the allegation from plaintiff's disability report and plaintiff's testimony at the administrative hearing regarding the left eye blindness caused by her mini stroke, the ALJ acknowledged:

> "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 20.)

The only statement made by the ALJ thereafter in support of his adverse credibility determination was the following:

> "In terms of the claimant's allegations, they are inconsistent with the medical evidence. Despite the claimant's assertions of disability, as discussed above, the clinical and objective findings were minimal. Moreover, contrary to the claimant's allegation of functional limitations, she also iterated she exercise[s] occasionally; takes care of her dogs, and does laundry (Exhibit C1F/78; C2F/1312)." (AR 21.)

For the reasons discussed hereafter, the Court is unable to affirm the ALJ's adverse credibility determination.

> 1. <u>The ALJ failed in his duty to fully and fairly develop the record with respect to the symptoms and functional limitations resulting from plaintiff's severe medically determinable impairments.</u>

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001); *Smolen,* 80 F.3d at 1288. *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983). The ALJ also has a basic duty to inform himself about facts relevant to his decision. *Heckler v. Campbell,* 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir.2001) (citation omitted). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. *Tonapetyan,* 242 F.3d at 1150.

Here, as noted above, at step two of the sequential evaluation process, the ALJ found that had the following severe impairments: degenerative joint disease of the cervical spine; asthma; fibromyalgia; obesity; and depression. (AR 18.) Under the Commissioner's regulations, an impairment is severe only if it **significantly** limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c) (emphasis added). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and

dealing with changes in a routine work setting. *See* Social Security Ruling ("SSR") 85-28.[2]

However, the ALJ did not specifically ask plaintiff at the administrative hearing about the severity of her pain and/or other symptoms caused by the medical impairments found by the ALJ to qualify as "severe." Nor did the ALJ ask plaintiff about the intensity and persistence of her symptoms resulting from those impairments. The ALJ also did not specifically ask plaintiff about the degree of functional limitation she was alleging resulted from her severe medical impairments. For example, the ALJ did not ask plaintiff how many pounds she could lift or carry, or how long she could sit, stand, and/or walk in an eight-hour work day. The ALJ's examination of plaintiff focused on the mini stroke for which plaintiff had been hospitalized in May 2013. (*See* AR 33-36.)[3] While the ALJ did ask plaintiff if the stroke affected her balance, ability to walk, and ability to lift and carry, the ALJ did not follow up when plaintiff merely responded, "It did." (*See* AR 35.)

---

[2] Social Security Rulings are binding on ALJs. *See Terry v. Sullivan*, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] Earlier in the decision when discussing the severity of plaintiff's alleged impairments for purposes of his step two finding, the ALJ noted that the hospital discharge notes on May 20, 2013 "indicated diagnoses of abdominal pain, gastroparesis/constipation, likely narcotic induced, chronic lower extremity pain, and fibromyalgia and no evidence of stroke." (AR 18, citing AR 3340.) However, the discharge notes did not expressly state that there was "no evidence of stroke." Indeed, the hospital admission notes reflected that plaintiff was taken to the hospital by the paramedics after an incident in the shower when plaintiff suddenly felt weakness to her left lower extremity and subsequently developed some chest pain; and that, upon admission, plaintiff still was complaining of inability to move her left lower extremity, about having no feeling to light touch or to palpitation of the left extremity, and about having severe pain on the left side of her abdomen. (*See* AR 3337.) On the same page of discharge notes cited by the ALJ, the discharge doctor indicated that he would be asking for "a neurology consult." (*See* AR 3340.) The reason for the ensuing neurology consult was "for possible ischemic attack." (*See* AR 1798.) The only reasonable inference to be drawn from this evidence is that plaintiff indeed had exhibited stroke-like symptoms.

The evidence before the ALJ regarding the severity of plaintiff's pain and/or other symptoms caused by her severe medically determinable impairments was sparse, incomplete, and inadequate to allow for proper evaluation of plaintiff's functional limitations. The ALJ was obligated to develop the record further than he did.

2. <u>The reasons provided by the ALJ in support of his adverse credibility determination were not legally sufficient.</u>

Since the Commissioner has not argued that there was evidence of malingering, the Court will apply the "clear and convincing" standard to the reasons provided by the ALJ in support of his adverse credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014) (same).

The Court first will address the ALJ's reliance on the specified daily activities. The first exhibit cited by the ALJ was a page from notes of a doctor's office visit on October 9, 2013, which reflect that plaintiff reported exercising occasionally, 0-5 hours per week, and cleaning up after the animals (dogs) in her home. (*See* AR 319.) The second exhibit cited by the ALJ was to a page from notes of a doctor's visit on May 31, 2013, which reflect that plaintiff reported she had injured her hand while transferring laundry from the washer to the drier. (*See* AR 1634.) The ALJ apparently inferred from this incident that plaintiff did laundry.

Under Ninth Circuit jurisprudence, there are "two grounds for using daily activities to form the basis of an adverse credibility determination": Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, neither of these grounds applies. First, the ALJ failed to posit any specific allegations by plaintiff or any specific testimony from her that any of the specified daily activities

contradicted.[4] *See Burrell*, 775 F.3d at 1138 (ALJ erred by not elaborating on which daily activities conflicted with which part of the claimant's testimony). Second, the Commissioner does not even purport to contend that plaintiff's ability to exercise occasionally (0-5 hours per week), clean up after her dogs, or do laundry constituted substantial evidence that plaintiff was able to spend a substantial part of her day engaged in pursuits involving the performance of physical and mental functions that are transferable to a work setting. *See, e.g., Diedrich v. Berryhill,* 874 F.3d 634, 642-43 (9th Cir. 2017) (claimant's ability to perform daily activities including personal hygiene, cooking, household chores, and shopping not a clear and convincing reason to find her less than fully credible); *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (evidence that claimant did certain chores that did not consume a substantial part of the day did not detract from her credibility); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1996) ("The Social Security Act does not require claimants to be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.") (internal citations omitted)).

The Court therefore finds that the ALJ's reliance on the specified daily activities did not constitute a clear and convincing reason upon which the ALJ could properly rely in support of his adverse credibility determination.

---

[4] Although the Commissioner asserts that the incident evidencing that plaintiff did laundry was inconsistent with plaintiff's administrative hearing testimony that, up until September 2012, she did not perform any housework whatsoever (*see* ECF No. 24-1 at 6-7), the ALJ did not reference plaintiff's testimony about not doing housework or posit this purported inconsistency as a basis for his adverse credibility determination. The Court accordingly is unable to consider this purported inconsistency as a basis for upholding the ALJ's adverse credibility determination. *See Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The other stated reason on which the ALJ based his adverse credibility determination was that plaintiff's allegations were inconsistent with the medical evidence. Since the ALJ did not specify which allegations by plaintiff concerning her symptoms and/or functional limitations were inconsistent with what medical evidence, the Court has no basis for finding that this reason constituted a clear and convincing reason upon which the ALJ could properly rely in support of his adverse credibility determination. Moreover, since the ALJ's reliance on the specified daily activities was legally insufficient to support his adverse credibility determination, this remaining reason cannot be legally sufficient by itself. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").

**B. As a result of the Court's inability to affirm the ALJ's adverse credibility determination, it is unnecessary to reach the other disputed issue raised by plaintiff.**

It follows from the Court's inability to affirm the ALJ's adverse credibility determination, including for the reason that the ALJ failed to fully and fairly develop the record with respect to the symptoms and functional limitations resulting from plaintiff's severe medically determinable impairments, that the Court also is unable to affirm the ALJ's RFC determination. Since the VE's testimony on which the ALJ relied in support of his vocational determination at step five of the sequential evaluation process was predicated on a hypothetical person with plaintiff's vocational profile and RFC, it in turn follows from the Court's inability to afform the ALJ's RFC determination that it is unnecessary for the Court to address the other disputed issue raised by plaintiff (i.e.,

whether the ALJ erred in his reliance on the VE's testimony at step five of the sequential evaluation process).

**CONCLUSION AND RECOMMENDATION**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful of Ninth Circuit authority for the proposition that, where an ALJ failed to properly consider either subjective symptom testimony or medical opinion evidence, it is sometimes appropriate to credit the evidence as true and remand the case for calculation and award of benefits. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1019-21 (9th Cir. 2014). However, the Court has found here that the record has not been fully developed with respect to the symptoms and functional limitations resulting from plaintiff's severe medically determinable impairments. Accordingly, the Court disagrees with plaintiff that this is an appropriate case for application of the "credit as true" rule. *See also Ghanim,* 763 F.3d at 1167 (In a case decided after *Garrison*, another Ninth Circuit panel did not apply or even acknowledge the "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse

credibility determination; instead, the panel simply remanded the case for further administrative proceedings.)

This Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

IT IS SO ORDERED.

Dated: May 29, 2019

ROBERT N. BLOCK
United States Magistrate Judge